UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MODOU TOURE,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,

Respondents.

Case No. 1:26-cv-2575

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on September 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the March 5, 2026, bond hearing on September 23, 2026. (Resp., ECF No. 7; Recording of Mar. 5, 2026, Bond Hearing, filed on Sep. 23, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. (Notice to Appear (NTA), ECF No. 7-2, PageID.43.) On November 10, 2025, Petitioner was arrested by ICE agents. (Form I-213, ECF No. 7-1, PageID.40.)

On March 5, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 7-5, PageID.53.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> On February 12, 2026, [Petitioner's] Application for Asylum and Withholding of Removal was denied. [Petitioner] was ordered removed to Uganda pursuant to an Asylum Cooperative Agreement. [Petitioner] was advised that he could appeal the decision to the Board of Immigration Appeals within 30 days and he did so. The evidence before the Court does not indicate a favorable likelihood of success in being granted immigration relief. In assessing whether [Petitioner] is a flight risk, the Court may consider the likelihood of success in being granted immigration relief.
>
> The Court finds [Petitioner] is a flight risk and denies his request for a change in custody status.

(*Id.*)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 5, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an

unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 7, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge